PAULINO MATEO, Appellant, *v.* LOUIS ABAD and Another, Respondents.

First Department, November 17, 1933.

*Simon S. Nessim,* for the appellant.

*Samuel Lax* of counsel [*Moses Bergman* with him on the brief; *Samuel Lax,* attorney], for the respondents.

MARTIN, J.   This action was brought by the plaintiff to recover damages resulting from the conversion of his property, consisting of a grocery store and butcher shop.   The conversion arose from the fraudulent taking of part of plaintiff's property by the defendant Abad and from the illegal sale by a marshal of the remaining property upon a judgment obtained by the defendant corporation.

The complaint sets forth five causes of action.   The first is against Louis Abad for conversion; the second is against that defendant for fraud and conversion; the third is against the defendant corporation for conversion.   We are not concerned with the fourth and fifth causes of action which were against the attorney for the defendant corporation, for the reason that they were discontinued by consent before the trial.

The issues respecting the first three causes of action were litigated. During the trial and over the objection of the plaintiff, the defendants were permitted to amend their answer to include a counterclaim for $176 alleged to be due the defendant corporation from the plaintiff for goods sold and delivered.   The court dismissed the first and second causes of action, gave judgment to the defendant corporation on the counterclaim and after deducting the amount thereof allowed the plaintiff judgment on the third cause of action for the sum of $475.

The plaintiff now appeals from the whole judgment, the appeal from that portion which is in his favor being upon the ground that the sum recovered is wholly insufficient.

On April 21, 1930, an action in the Municipal Court was begun by the defendant corporation against the plaintiff upon the alleged service of a summons and complaint.   Thereafter and on April 29, 1930, a judgment by default was obtained by the corporation against this plaintiff.   At three-thirty o'clock on the afternoon of the day the judgment was obtained, the defendant Abad called at the plaintiff's store.   At that time the plaintiff was at his home, where he had been ill for three weeks.   Abad told the plaintiff's son that he came for the keys to the store.   After receiving the keys he ejected all the employees.   He removed from the premises four or five boxes of lard, some pork, ham, codfish, a cash register, a bag of groceries and the sum of about thirty-three dollars in

cash. He placed the merchandise in a truck, locked the door of the store and left. No notice of any kind was affixed to the premises.

About an hour and a half after Abad had been in the premises, a city marshal arrived, made a levy on the remaining property of the plaintiff pursuant to the judgment obtained by the defendant corporation, posted a notice on the door, placed a lock thereon and set a sale for May 6, 1930.

When the plaintiff learned what had happened, he immediately retained an attorney who obtained an order to show cause why the service of the summons should not be set aside and the judgment vacated on the ground that the plaintiff herein (defendant in the Municipal Court action) had not been served. The order was made returnable May 5, 1930, and was served on May 3, 1930, at the office of Meyer Machlis, the attorney for the defendant corporation. May 3, 1930, was a Saturday and Mr. Machlis was not at his office because of the Jewish Sabbath. His stenographer and the attorney for the plaintiff herein then entered into a stipulation adjourning the hearing on the order to show cause until May 7, 1930, and continuing the stay contained therein.

The marshal, however, was not notified by Mr. Machlis or his office of the signing of the order or the stipulation and extension of time, and he proceeded on May 6, 1930, with the sale of the plaintiff's property. The store and its contents were sold to the defendant Louis Abad for $105, and the proceeds of the sale were turned over to Mr. Machlis, the attorney for the defendant corporation. The parties were heard on the order to show cause on May 7, 1930; a hearing was ordered, and on the hearing the service of the summons was set aside and the judgment vacated. The plaintiff then brought this action.

The plaintiff contends that the court erred in dismissing the first cause of action, and points out that three employees of the plaintiff who worked in the store and the plaintiff's son all testified that Abad removed various articles of merchandise, a cash register and thirty-three dollars in cash, one and a half hours before the marshal arrived at the premises. Despite the fact that he was in court, the defendant Abad did not testify. It is clear that the plaintiff was entitled to judgment on this cause of action, especially in view of the fact that the testimony of the plaintiff's witnesses was not contradicted.

It is also the contention of the plaintiff that the court erred in dismissing the second cause of action. He claims that the conversion of his property was the direct result of the fraudulent acts of the defendant Abad in swearing to an affidavit of service of the summons in the Municipal Court action.

Because of the failure to serve the plaintiff, the alleged service was set aside and the judgment by default vacated. The entire conversion of plaintiff's property was the direct result of the fraud committed by Abad.

Both defendants were liable. If an injury is caused by the concurrent acts of two persons, and the injuries are not separable, then both defendants are jointly and severally liable.

In *Brush* v. *Lindsay* (210 App. Div. 361) the court said: " It is immaterial how many others may have been at fault, if the defendants' acts were an efficient cause of the injury. If the injuries caused by the concurrent acts of two persons are plainly separable so that the damage caused by each can be distinguished, each would be liable only for the damage he caused; but if this is not the case all the persons who contribute to the injury are liable jointly and severally."

In *Grein* v. *Yohon* (103 Misc. 378) the court, citing a number of authorities, including the famous squib case, said: " The defendant cannot relieve himself from the consequences of an unlawful act by charging participation upon another. * * * When an unlawful or negligent act is once determined, the liability attaches though others may have joined in aggravating the damages."

The false oath made by the defendant Abad that he had personally served the plaintiff with the summons and complaint in the Municipal Court action resulted in the taking of plaintiff's property and the sale by the marshal, and the defendant is, therefore, responsible for the loss suffered by the plaintiff. It was error, therefore, to dismiss the second cause of action.

The plaintiff recovered a judgment on the third cause of action in the sum of $475 after deducting the amount of the defendant corporation's counterclaim of $176. The judgment in favor of the plaintiff was for $651, less the amount of the counterclaim. It is not shown how the court arrived at that figure, but a review of the testimony shows that it is wholly insufficient. The plaintiff clearly established that a successful business was destroyed and that stock and fixtures were sold that had a value far greater than found by the court. On a resale by defendant a much larger sum was paid for a part of the goods and fixtures.

In addition to the fact that the court granted the defendant corporation judgment on the counterclaim which was improperly allowed (Civ. Prac. Act, § 266; *Spirou* v. *American National Fire Ins. Co.*, 229 App. Div. 839), there are a number of errors in the rejection and admission of evidence which make it necessary to

reverse and grant a new trial. It is unnecessary to consider each separately, for it is not likely that they will occur on a new trial.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.